**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 18-50112 |
| | 18-50113 |
| Plaintiff-Appellee, | |
| | D.C. Nos. 3:16-cr-02834-DMS |
| v. | 3:11-cr-00287-DMS |
| PEDRO RODRIGUEZ-CORTEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Pedro Rodriguez-Cortez challenges the 64-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326, and the consecutive 6-month sentence imposed following the revocation of his supervised

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

release, which he was serving in connection with a 2010 illegal reentry conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez-Cortez contends that the 64-month sentence is substantively unreasonable in light of mitigating factors such as his age, his reason for reentering, the nature and age of some of his prior felony convictions, and amendments to the illegal reentry Guideline that went into effect after his 2010 illegal reentry conviction. He also argues that the consecutive 6-month revocation sentence is unnecessary because the 64-month sentence adequately serves the purposes of sentencing.

The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentences are substantively reasonable in light of the statutory sentencing factors and the totality of the circumstances, including Rodriguez-Cortez's extensive criminal history, the need for deterrence, and his breach of the court's trust. *See* 18 U.S.C. §§ 3553(a), 3583(e); *Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (breach of the court's trust is a proper consideration at a revocation sentencing).

**AFFIRMED.**